IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PRENTICE HOLLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-04-1686-W |
| | ) |
| JESSE T. SUTTER, JR., *et al.*, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Mr. Robert Hollis is a state inmate who seeks federal habeas relief based on two state court convictions. The Court should deny habeas relief.

I.   BACKGROUND

The first conviction involves Case No. CF-95-7510. There Mr. Hollis pled guilty to unauthorized use of a motor vehicle in state district court. *See* Petition for a Writ of Habeas Corpus and Brief in Support Pursuant to 28 U.S.C. Section 2254 by a Person in State Custody at p. 2 (Dec. 12, 2004) ("Petition"). He was sentenced to 120 nights to be served in incarceration in lieu of imprisonment for 20 years. *See id.* at p. 2.

Mr. Hollis failed to complete his night time incarceration, and the trial court resentenced him in December 1996. *See id.* According to Mr. Hollis, the new sentence was to involve 100 nights in incarceration in lieu of imprisonment for 10 years, but his court-appointed attorney altered the sentencing documents to "mak[e] ten appear to be twenty." *Id.*

The second conviction involves Case No. CF-02-171. In that case, Mr. Hollis was convicted of second degree burglary after former felony convictions. *Id.* at p. 14. The Petitioner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Summary Opinion at pp. 1-2, *Hollis v. State of Oklahoma*, Case No. F-2003-321 (Okla. Crim. App. Mar. 30, 2004). Mr. Hollis alleges that the trial court had based the sentence on the mistaken belief that the modified sentence in Case No. CF-95-7510 was 20 years rather than 10 years.

II.     STANDARD FOR HABEAS RELIEF

This Court has a "secondary and limited" role in the review of state court rulings through a petition for habeas relief. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998) (citations omitted).

For example, a state court's determination of a factual issue triggers a narrow standard of review. First, the finding is presumptively correct, requiring the challenging party to respond with clear and convincing evidence. *See* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(e)(1) (2000). Second, when factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented." AEDPA, 28 U.S.C. § 2254(d)(2) (2000).

Habeas relief is otherwise unavailable unless the state court had "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set

of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." *Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002).

III.  GROUND ONE: CONSTITUTIONAL VIOLATION THROUGH THE INTRODUCTION OF DOCUMENTS CONTAINING ALTERATION OF A PRIOR SENTENCE

The Petitioner's first claim is that defense counsel had altered court documents during the resentencing in Case No. CF-95-7510. Petition at pp. 6, 15. According to Mr. Hollis, the trial judge imposed a sentence of ten years, and defense counsel altered two forms to indicate that the term was instead twenty years. *Id.* at p. 6; Traverse & Reply at pp. 2, 6 (Jan. 12, 2005). Thus, Mr. Hollis seeks an order setting aside the sentence in Case No. CF-95-7510 and releasing him in Case No. CF-02-171. Petition at pp. 22, 24. The Court should reject Mr. Hollis' claim.

The trial judge signed three documents reflecting a 20-year term at the resentencing: (1) "Plea of Guilty - Summary of Facts;" (2) "Alternate Part B: Sentencing After Previous Plea of Guilty - Summary of Facts;" and (3) "Judgment and Sentence." Traverse & Reply, attachments (Jan. 12, 2005). Mr. Hollis contends that the first two forms were altered and that the actual sentence was 10 years rather than 20 years. Petition at p. 6. This contention is foreclosed by the state courts' factual findings and the deference accorded to them on habeas review.

The state trial and appellate courts have made a factual finding that when the Petitioner was resentenced in December 1996, the term was to be twenty years. For example,

the state district court denied post-conviction relief, explaining that the trial judge had "sentenced [Mr. Hollis] to twenty years imprisonment in case number CF-95-7510." Order Denying Application for Post-Conviction Relief at p. 1, *Hollis v. State of Oklahoma*, Case Nos. CF-95-7510, CF-96-7471 (Okla. Co. Dist. Ct. Nov. 20, 2003). The state district court subsequently elaborated on this finding, stating that at the resentencing, "Judge Coats, [defense counsel] and Defendant signed the sentencing paperwork which states that his 20 year sentence [was] to run concurrently with his new felony conviction in CF-96-7471 . . . ." Amended Order Denying Defendant's Motion for Order Nunc Pro Tunc and/or Amended Judgment and Sentence at p. 2, *State of Oklahoma v. Hollis*, Case No. CF-95-7510 (Okla. Co. Dist. Ct. Aug. 19, 2004).[1] On appeal in post-conviction proceedings, the OCCA found that the trial court had resentenced Mr. Hollis to twenty years. Order Affirming Denial of Post-Conviction Relief at p. 1, *Hollis v. State of Oklahoma*, Case No. PC-2004-679 (Okla. Crim. App. Sept. 9, 2004). The Petitioner has not presented clear and convincing evidence to rebut this factual finding. *See supra* p. 2.

Three evidentiary items support the state courts' finding.

---

[1] Mr. Hollis alleges that in the cited order, the state district court had misapplied Oklahoma law and that the twenty year sentence was void. Petition at p. 22; Traverse & Reply at pp. 2, 7-8 (Jan. 12, 2005). Even if the Petitioner were correct, however, the alleged error under Oklahoma law would not support federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *see also Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968) (*per curiam*) ("no federal issue cognizable in federal habeas corpus" is presented in a claim that a sentence was void).

The first involves Mr. Hollis' trial testimony. He stated under oath that he had received "20 years" on all of his prior convictions, including the conviction in Case No. CF-95-7510. *See* Response to Petition for Writ of Habeas Corpus, Exhibit 5 at pp. 184, 191 (Jan. 3, 2005) ("Response").

Second, in June 2004 the Petitioner requested an amended sentence, admitting that he had been "sentenced on December 12, 1996 to a term of (20) years imprisonment by the Honorable Judge Nancy Coats." Motion for Order Nunc Pro Tunc and/or Amended Judgment and Sentence at p. 2, *Hollis v. State of Oklahoma*, Case No. CF-95-7510 (Okla. Co. Dist. Co. June 10, 2004).

Finally, the judgment and sentence in Case No. CF-95-7510 provides that on December 12, 1996, the state court had ordered Mr. Hollis to serve twenty years, noting that he had failed to complete night incarceration. Judgment and Sentence at p. 1, *State of Oklahoma v. Hollis*, Case No. CF-95-7510 (Okla. Co. Dist. Ct. filed Dec. 24, 1996).

Mr. Hollis has failed to counter these three evidentiary items with clear and convincing evidence of alteration in the sentence.[2] As a result, the Court should reject Mr. Hollis' first claim.

---

[2] The appellate attorney responded to a bar complaint, stating: "'I would never, have never and will never alter a document without the proper permission of all parties involved.'" Letter from Jennifer M. Richard, Assistant Public Defender of Oklahoma County, to Allen Welch, First Assistant General Counsel (July 23, 2004). According to Mr. Hollis, this statement reflects an admission that Ms. Richard had altered the sentencing documents. Petition at p. 16. Mr. Hollis' characterization is both inaccurate and immaterial. The characterization is inaccurate because the attorney did not say in the letter whether she had altered the sentencing documents. Instead, she simply stated that she would not have done so without the permission of all parties. The characterization is also immaterial because the ultimate question is whether the trial judge had imposed a sentence of twenty years or ten years. The attorney's remarks did not address this issue.

IV.     GROUNDS TWO AND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

In ground two, Mr. Hollis alleges that his trial counsel in Case No. CF-95-7510 had been ineffective through her alteration of the sentencing documents.[3] Petition at p. 8. In the third ground for relief, the Petitioner accuses his appellate attorney of: (1) failure to challenge the alteration, and (2) abandonment during the appellate process. *Id.* at pp. 9-10. The ineffective assistance claims are invalid, and the Court should reject them on the merits.[4]

A.      Standard of Ineffective Assistance at Trial

To establish ineffective assistance of trial counsel, a petitioner must show that counsel's performance was constitutionally deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if the representation falls below an objective standard of reasonableness. *See id.* at 687-88. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

B.      Alleged Ineffectiveness of Trial Counsel in Case No. CF-95-7510

Mr. Hollis claims that his trial counsel had intentionally altered his sentence to reflect a punishment of twenty years instead of ten years. *See supra* p. 3. But as noted above, the

---

[3] Mr. Sutter argues that the Petitioner's claim is time barred. Response at pp. 10-11. But the claim is invalid on its merits. *See infra* pp. 6-7. Thus, the Court need not consider the Respondent's defense involving timeliness.

[4] On direct appeal, Mr. Hollis did not challenge his trial attorney's ineffectiveness in Case No. CF-95-7510. The Respondent argues that this claim is unexhausted. Response at pp. 7-11. But the habeas claims are "more easily and succinctly" denied on the merits. *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000).

Petitioner has not provided clear and convincing evidence to rebut the state courts' findings that the trial judge had imposed a twenty year sentence. *See supra* pp. 3-5. Because the Court presumes the correctness of this finding, the Petitioner cannot prevail on his claim involving alteration of the sentencing documents by his attorney. *See id.*

    C.    <u>Alleged Ineffective Assistance of Appellate Counsel</u>

The Petitioner claims that his appellate attorney was ineffective because she had: (1) failed to appeal based on alteration of the conviction, and (2) abandoned the client. Petition at pp. 9-10, 17-18. The Court should reject both theories.

In part, Mr. Hollis claims that his appellate counsel had failed to argue that trial counsel had altered the sentencing documents. *See supra* p. 7. According to Mr. Hollis, his appellate counsel had unwisely advised presentation of the issue in post-conviction proceedings. Petition at pp. 4-5, 16-17. But the existence of a 20-year sentence was supported by strong evidence,[5] and prejudice is absent if an omitted issue lacks merit.[6] Thus, appellate counsel was not constitutionally ineffective for failure to raise the alleged alteration on direct appeal.

According to Mr. Hollis, he was "abandoned" by his appellate attorney. Petition at p. 9. The Petitioner regards the "abandonment" as significant because the appellate attorney had failed to file "motions" or a reply brief. *Id.* at pp. 9, 18. But the Petitioner does not identify the "motions" that his appellate counsel should have filed or state how a reply would

---

[5]    *See supra* pp. 3-5.

[6]    *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (if an omitted issue lacks merit, counsel's failure to raise it on appeal does not reflect ineffective assistance).

7

have proved advantageous. The omissions are fatal, as Mr. Hollis has not demonstrated a reasonable probability that the outcome of the appeal would have been different if his appellate counsel had filed motions or a reply. *See*, *e.g.*, *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (counsel was not constitutionally ineffective for failure to file a reply brief when the issues had been fully discussed in the brief in chief and the petitioner could not show how a reply brief would have changed the result).

V.     REQUEST FOR AN EVIDENTIARY HEARING

Mr. Hollis has requested an evidentiary hearing to prove alteration of his prior conviction. Petition at pp. 19-20. The Court should decline to hold an evidentiary hearing.

The AEDPA restricts the availability of evidentiary hearings when a habeas petitioner fails to diligently develop the factual basis of his habeas claim in state court. AEDPA, 28 U.S. C. § 2254(e)(2)(A)(i)-(ii) (2000); *see Cannon v. Mullin*, 383 F.3d 1152, 1176 (10th Cir. 2004) ("To determine whether pre-AEDPA standards apply, we must review whether [the habeas petitioner] was diligent in trying to develop the factual record in state court."), *cert. denied*, __ U.S. __, 2005 WL 123057 (Mar. 21, 2005) (Case No. 04-8192). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Although Mr. Hollis alleged alteration of the sentencing documents in state court, he failed to diligently pursue a factual record for the allegation. *See infra* note 7. In post-conviction proceedings, Oklahoma law authorizes evidentiary hearings in both the trial court

and appellate court. *See* Okla. Stat. tit. 22 § 1084 (2001); Rule 3.11(A), Rules of the Court of Criminal Appeals. But Mr. Hollis did not ask either the state district court or the OCCA for an evidentiary hearing.[7]

Because Mr. Hollis did not diligently attempt to develop the factual basis of his claim in state court, he is not entitled to an evidentiary hearing unless:

    (A)  the claim relies on -

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

---

[7]    In state court, Mr. Hollis was asked how he could prove his allegations. Application for Post-Conviction Relief at p. 2, *Hollis v. State of Oklahoma*, Case Nos. CF-95-7510 & CF-96-7471 (Okla. Co. Dist. Ct. Oct. 22, 2003). He responded: "Two alterations in Case # CF-95-7510 and conflicting summary of facts sheets." *Id.* He added that he could prove the allegations by "seeking the unaltered forms from the night time incarceration program." *Id.* at p. 4. In order to pursue post-conviction relief, Mr. Hollis wrote to his former appellate attorney and stated that he needed records from his night-time incarceration program, as he expected them to show that he had been sentenced to serve 100 nights in lieu of 10 years imprisonment. Letter from Robert P. Hollis to Kimberly J. Tabor, Appellate Attorney (Sept. 29, 2003). The attorney's secretary wrote to the Petitioner and instructed him how to obtain the records. She stated:

> As for requesting records from the Court Clerk, you will need to follow this procedure: write to: District Court Clerk of Oklahoma County, 409 County Office Bldg., 320 Robert S. Kerr Ave., Oklahoma City, OK 73102; (enclose a statement declaring indigence) or, if the District Court denies said request, write to: Oklahoma Court of Criminal Appeals, P.O. Box 53126, Oklahoma City, OK 73152.

Letter from Patti Smith, Appellate Secretary, to Robert P. Hollis (Oct. 8, 2003) (emphasis omitted). Notwithstanding this instruction, the record does not contain any requests by Mr. Hollis to the state district court or the OCCA for the records from the night-time incarceration program.

9

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

AEDPA, 28 U.S.C. § 2254(e)(2)(A)-(B) (2000).

  Mr. Hollis cannot satisfy any of these requirements. For example, he does not rely on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) a factual predicate that was impossible to learn earlier through the exercise of due diligence. And "Petitioner acknowledges that he cannot argue that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found [him] guilty of the underlying offen[s]e." Traverse & Reply at p. 3 (Jan. 12, 2005). As a result, the Petitioner's lack of diligence in state court precludes an evidentiary hearing in connection with the habeas application.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

  For the reasons discussed above, the undersigned recommends denial of the petition for a writ of habeas corpus and the request for an evidentiary hearing.

  The Petitioner can object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). To do so, Mr. Hollis must file an objection with the Clerk of this Court. The deadline for objections is April 20, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VII.  STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 30th day of March, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge