IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
APR 2 6 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | |
|---|---|
| ROBERT PRENTICE HOLLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. CIV-04-1686-W |
| | ) |
| JESSE T. SUTTER, JR., et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

On March 30, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Robert Prentice Hollis be denied. Hollis was advised of his right to object, and he has filed a Brief in Opposition to the Report and Recommendation.

Upon de novo review, the Court concurs with Magistrate Judge Bacharach's recommended disposition of this matter. Hollis was convicted in 2003 in the District Court of Oklahoma County, Oklahoma, of one count of burglary in the second degree, after former conviction of two or more felonies, in violation of title 21, section 1435 of the Oklahoma Statutes. The Honorable Virgil C. Black, District Judge for Oklahoma County, Oklahoma, in accordance with the jury's recommendation, sentenced Hollis to a period of incarceration of fourteen (14) years.

In his Petition, Hollis has complained that his sentence was improperly enhanced by the actions of his trial counsel in an earlier proceeding. In 1996, Hollis was charged with one count of unauthorized use of a motor vehicle, after former conviction of a felony, in

violation of title 47, section 4-102 of the Oklahoma Statutes. Hollis pled guilty, and he has alleged that trial counsel intentionally altered certain sentencing documents to reflect a punishment for that offense of twenty (20) years instead of ten (10) years, and that these altered documents impermissibly influenced his 2003 conviction and sentence.

State court determinations of factual issues are presumptively correct. A party challenging such findings must respond with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Hollis' contention that trial counsel altered sentencing documents in 1996 is not supported by the record and furthermore, is foreclosed by the state court's factual findings. In the absence of any clear and convincing evidence to rebut these findings, the Court finds no merit to Hollis' contentions that the 1996documents were improperly altered or that his 2003 sentence was improperly influenced.

Hollis has also alleged among other things that appellate counsel was ineffective because she failed to investigate Hollis' accusations and failed to argue on direct appeal that the allegedly altered documents improperly affected the sentence imposed by Judge Black. Because the correctness of the state court's factual findings with regard to the alteration of the sentencing documents has not been rebutted, the Court finds Hollis cannot prevail on his claims challenging the assistance rendered by appellate counsel. Hollis has made no showing that appellate counsel's performance in any regard was constitutionally deficient or prejudicial.

Because Hollis has advanced no grounds in his Petition that warrant the relief he has requested, including an evidentiary hearing, the Court

(1) ADOPTS the Report and Recommendation issued on March 30, 2005;

(2) DENIES Hollis' Petition file-stamped on December 13, 2004; and

(3) ORDERS that judgment in favor of the respondents issue forthwith.

ENTERED this 26th day of April, 2005.

                                         /s/ Lee R. West
                                         LEE R. WEST
                                         UNITED STATES DISTRICT JUDGE